# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>vs.<br><br>ANTOINE HATTEN,<br><br>      **Defendant.** | 8:07CR47<br><br>MEMORANDUM AND ORDER |

This matter is before the Court for initial review of a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 145, filed by pro se Defendant, Antoine Hatten. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

After pleading guilty to the offenses of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count I), and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count II), the Defendant received a sentence of 292 months incarceration on Count I and 60 months incarceration on Count II, to be served consecutively, to be

followed by five years of supervised release on both Count I and Count II, to be served concurrently.[1]  ECF No. 77.  The Defendant did not appeal the conviction or sentence.

In his § 2255 Motion, the Defendant asserts that the sentence associated with Count II should be vacated pursuant to the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016).  In *Johnson*, the Supreme Court held the residual clause[2] of the Armed Career Criminal Act of 1984, 18 U.S.C. §924(e)(1), (the "ACCA"), to be unconstitutionally vague, and therefore void.  135 S. Ct. at 2563.  In *Welch*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review[.]" 136 S. Ct. at 1268.

Although *Johnson* invalidated only the residual clause in § 924(e)(2)(B) of the ACCA, the Defendant contends that *In re Pinder*, 824 F.3d 977 (11th Cir. 2016), and *In re Chance*, 831 F.3d 1335 (11th Cir. 2016), have extended *Johnson* to invalidate a similarly worded clause in § 924(c)(3)(B) of the ACCA.  Moreover, the Defendant argues that his Count II sentence fell within the scope of the similarly worded clause in § 924(c)(3)(B) and, therefore, in light of *Pinder*, *Chance*, and *Johnson*, his sentence associated with Count II must be vacated.

**DISCUSSION**

---

[1] The Defendant's sentence associated with Count I has since been reduced to 151 months incarceration while the Defendant's sentence associated with Count II remains at 60 months incarceration.  ECF No. 137.

[2] 18 U.S.C. § 924(e)(2)(B)(ii).

The Court concludes that Defendant's § 2255 Motion is untimely. Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year limitation period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The § 2255 Motion is untimely under Section 2255(f)(1) because the Defendant's judgment of conviction became final in 2007. ECF No. 65. The § 2255 is also untimely under §§ 2255(f)(2) and (f)(4) because the Defendant alleges no unlawful government conduct that prevented him from filing, and provides no evidence of newly discovered facts that would affect his sentence. As such, the Defendant's statutory avenue for timeliness is § 2255(f)(3).

The Defendant argues that Eleventh Circuit case law in *Pinder* and *Chance* created a "newly recognized," right on June 1, 2016, and August 2, 2016, respectively, thereby providing him sufficient grounds to file the § 2255 Motion. Yet § 2255(f)(3) requires the "newly recognized" right to be one recognized by the United States

3

Supreme Court, not a circuit court of appeals. Therefore, the Defendant's reliance on circuit decisions to assert timeliness of his § 2255 Motion is misplaced.

In *Johnson*, the Supreme Court did recognized a new right for purposes of § 2255(f)(3). *Donnell v. United States*, 826 F.3d 1014, 1015 (8th Cir. 2016). If the Defendant is relying on *Johnson,* his § 2255 Motion needed to be filed within one year of the date that opinion was issued—June 26, 2015. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (holding the § 2255 statute of limitations does not begin to run from the date on which the right asserted was made retroactively applicable, it runs from "the date on which the right asserted was initially recognized by the Supreme Court").[3] Hatten's § 2255 Motion was filed on April 10, 2017, more than one year after the *Johnson* opinion was issued. As such, the Defendant has failed to file the § 2255 Motion within the statutory limitations period provided by 28 U.S.C. § 2255(f).

THEREFORE, IT IS ORDERED:

1. That the Court completed initial review of the Defendant's Motion, ECF No. 145, under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion");

2. For the reasons stated above, the § 2255 Motion, ECF No. 145, will be summarily dismissed;

3. A separate Judgment will be entered; and

4. The Clerk will mail a copy of this Memorandum and Order to the Defendant at the Defendant's last known address.

Dated this 12th day of April, 2017.

---

[3] The Defendant cannot successfully argue that the § 2255(f)(3) limitations period began to run from the date on which *Welch* made the new rule in *Johnson* retroactively applicable.

BY THE COURT:

s/Laurie Smith Camp  
Chief United States District Judge